Per Curiam :
The plaintiff was one of the soldiers of the Twenty-fifth Regiment of Infantry discharged without honor under Special Orders, No. 266, War Department, November 9, 1906, and was afterwards reenlisted in accordance with the act of Congress approved March 3, 1909, 35 Stat. L., 836, He sues for certain allowances.
The Auditor for the War Department allowed plaintiff the pay of his rating, clothing allowance, and commutation of rations at the rate of 25 cents per day during the period he was out of the service. He now claims commutation of rations at the rate of 75 cents per day less the 25 cents per day already paid him; commutation of quarters, which was denied him by the auditor, and certain increase of pay during the time the Twenty-fifth Infantry was in the Philippines.
*393 We must ascertain and apply the intention of said act, which provides that the plaintiff and others, upon reenlistment as therein provided, shall be entitled from the date of his discharge “ to the pay, allowances, and other rights and benefits that he would have been entitled to receive, according to his rank.” The title of the act comprehends these things in the expression “the restoration to them of all rights of which they have been deprived.”
The statute was construed by the Comptroller of the Treasury, 17 Comp. Dec., 941-, who held that “ as it is impracticable to give them the rations in kind, they may be paid the value of the rations, and in determining the value of the ration reference should be made to Army Regulations.” We are not disposed to deny this conclusion, but the said act being remedial must not be so applied as to defeat its purpose. McLean’s case, 226 U. S., 374. Confessedly, the enlisted man is entitled to rations and lodging. The Army Regulations provide for allowances under certain conditions, among them (1) to enlisted men on furlough or leave at the rate of 25 cents per day; (2) to enlisted men on detached duty, stationed in a city or town .where subsistence is not furnished by the Government, at the rate of 75 cents per day. The comptroller declares that the situation of the plaintiff during the period of the constructive service under said act “ has more resemblance to that of an enlisted man on furlough than to any other status in which a soldier may be entitled to pay and allowances for a period of time during which he is not under military control.” The question presented is difficult and may not be free from doubt, because the statute requires an adjustment of the plaintiff’s rights under a “supposed service.” McLean’s case, supra, His rank is that of an enlisted man, but he was not upon furlough, nor was he on “ detached duty.” In strictness the Army Regulations do not provide allowances for an enlisted man in the exact situation of plaintiff, as developed by the facts and said statute, but yet the allowance which is made for the rations and lodging which he did not receive and are impracticable to give him now must find its support in the statutes or Army Regulations or be refused altogether. The *394 Comptroller recognized that he was entitled to the value of the rations, and the auditor fixed the value as upon a commutation to a soldier on furlough. The Army Regulations make a distinction in the allowances to an enlisted man on furlough and an enlisted man on detached duty.
The reason for this distinction is manifest. It is because the Government can furnish subsistence cheaper to a larger group than the enlisted man on detached duty can procure it “ where subsistence is not furnished by the Government.” Looking to the reason for this difference in allowances it can be applied to the facts of plaintiff’s case quite as consistently as can the allowance based solely upon the status of an enlisted man on furlough. The latter is absent willingly and for his personal convenience, and is allowed what it would have cost the Government to furnish the ration, if he had used it. The plaintiff was not upon furlough, in fact. The enlisted man on detached duty is allowed what is supposedly the reasonable value of his subsistence when, the Government not furnishing it, he provides it himself. The plaintiff had to provide his own subsistence. The soldier on furlough is in the service, but not on duty; the soldier on detached duty is in the service and on duty, and his subsistence is furnished; the plaintiff is rendering a “ supposed service” on duty, McLean's case, supra, but is not subsisted.
What, then, is the value to which he is entitled ? Certainly he could not be expected to find rations and lodging at less than 75 cents per day. The item of lodging is not taken into account in the allowance to a soldier on furlough; it is taken into account in the allowance to a soldier on detached duty. In other words, the value of subsistence, as allowed by the Army Regulations, is covered by 75 cents per day for an enlisted man, who provides it with more definiteness than is covered by the smaller allowance to a soldier on furlough. The reason for the difference in allowances has been stated; and considering the reason for that difference rather than the strict classification of the conditions stated in the regulations, which in terms do not apply here, we feel justified in adopting the allowance to a soldier who while on duty subsists himself. The statute gives the plain *395 tiff a status which, strictly speaking, the Army Eegulations do not provide for, but the Army Eegulations do make a distinction in cases and furnish a basis of valuation for subsistence provided by the enlisted man. In this way only can we effectuate the statute in connection with the Army Eegulations.
Neither by statute nor the Army Eegulations is there any commutation of quarters allowable, except upon the idea above advanced that 75 cents per day covers both. The statute can not be extended to cover a “supposed service” in the Philippines.
Our conclusion is that plaintiff should recover at the rate of 75 cents per day from November 26, 1906, to April 26, 1910, less 25 cents, per day for the same time already paid him, leaving the sum of $624 due him, for which he is allowed judgment.