LittletoN, Judge,
delivered the opinion, of the court:
Plaintiff, an enlisted man of the grade of master sergeant In the Eegular Army, was not furnished quarters or rations in kind and was, therefore, entitled to receive a monetary •allowance. He was on furlough from July 1 to July 31, 1924, and he claims that during this period he was entitled to receive $0.76 a day in lieu of quarters and $1.20 a day in lieu of subsistence, or a total of $60.45. Having been paid •$9.30 as the regular allowance for commutation in lieu of nations, he asks judgment for $51.15. He bases his claim upon sec. 11, act of June 10, 1922 (42 Stat. 630), Executive ■order, June 19, 1922, and Army Eegulations No. 35-4520, .December 8, 1922, as amended by change 1, September 1, .1923, issued by the Secretary of War.
Sec. 1293, U. S. Eevised Statutes, provides that every enlisted man shall be entitled to receive one ration daily. An •examination of various acts of Congress for many years making appropriations for the War Department shows that provision has uniformly been made for payment “ of the regulation allowances for commutation in lieu of rations to •enlisted men on furlough.” In the same acts provision was made “ for commutation of quarters * * * to enlisted men on duty at places where no public quarters are available.” In the act of June 10, 1922 (42 Stat. 630), entitled an act to readjust the pay and allowances of the commissioned and enlisted personnel of the Army, Navy, Marine •Corps, Coast Guard, Coast and Geodetic Survey, and Public Health Service,” sec. 11 thereof provides as follows:
“ That warrant officers of the Army, including those of the Army Mine Planter Service, of the Navy, Marine Corps, and Coast Guard, shall be entitled at all times to the same money •allowance for subsistence as is authorized in section 5 of this act for officers receiving the pay of the first period, and to ¡the same money allowance for rental of quarters as is authorized in section 6 of this act for officers receiving the pay of the first period. To each enlisted man not furnished quarters •or rations in kind there shall be granted, under such regulations as the President may prescribe, an allowance for quarters and subsistence, the value of which shall depend on the •conditions under which the duty of the man is being performed, and shall not exceed $4 per day. These regulations shall be uniform for all the services mentioned in the title *470 of this act. Subsistence for pilots shall be paid in accordance with existing regulations, and rations for enlisted men may be commuted as now authorized by law.”
Section 5 of this act provides that each commissioned officer on the active list, or on active duty below the grade of brigadier general or its equivalent, in any of the services mentioned in the title of this act, shall be entitled at all times, in addition to his pay, to a money allowance for subsistence, and section 6 provides that each commissioned officer shall be entitled at all times, in addition to his pay, to a money allowance for rental of quarters.
On June 19, 1922, the following Executive order was made:
“ Under authority of the act of Congress approved June 10, 1922, the following allowances for quarters and subsistence for enlisted men, who are not furnished quarters or rations in kind, are announced and made applicable to the-Army, Navy, Marine Corps, Coast Guard, Coast and Geodetic Survey, and Public Health Service: * * *
“ Table I. Men on duty where quarters or rations in kind are not furnished will be granted daily allowances as. follows:
“A. General:
(a) Subsistence_$1.20
(b) Quarters_ . 75
Army Regulations 35-4520, par. 7 (c), as amended September 1, 1923, provides that an enlisted man on furlough under ordinary circumstances is entitled to the money value of one garrison ration and to no allowance for quarters.
By Paragraph III of War Department General Order No. 16, dated June 23,1924, the money value of a garrison ration-for the fiscal year ended June 30, 1925, was fixed at $0.30, as follows: -
“ The commutation value of the garrison ration for enlisted men of the Army, except the Philippine Scouts, for the fiscal year 1925 is hereby fixed at 30 cents per ration-The commutation value of the garrison ration for the Philippine Scouts for the fiscal year 1925 is fixed at 25 cents per ration.
“ The foregoing values will be effective from July 1, 1924, and will have application to the commutation of the money value of the ration due on account of furloughs and due to *471 students of the advanced course, Reserve Officers’ Training Corps, but they will not apply to credits due organizations-on ration and savings accounts.”
However, by subparagraph (3) of paragraph 7 (c), of Army Regulations 35-4520, as amended September 1, 1923,. provision is made as follows:
“An enlisted man on furlough from a station at which he is in receipt of the monetary allowances in lieu of quarters and subsistence receives these allowances at the same rat© while on furlough, but only in case of return to duty at the-same station upon expiration of furlough.”
The defendant contends that sec. 11 of the act of June 10, 1922, made no provision for the payment of the allowances for subsistence and quarters to enlisted men on furlough at the rates fixed for said purposes while on duty; that. Executive order of June 19, 1922, limited payments in lieu of subsistence and quarters to enlisted men on duty; that the provision of subparagraph (3) of paragraph 7, of Army Regulations 35-4520, was invalid and contrary to law; that the plaintiff was entitled only to regulation allowance for commutation in lieu of rations to enlisted men on furlough; that this amount having been paid, he is not entitled to any further amount.
The court agrees with the position taken by the defendant. The various acts of Congress making appropriations for the-Ajrmy have provided for the payment of allowances for quarters of enlisted men on duty where public quarters were not available and for the payment of the regulation allowance for commutation in lieu of rations to enlisted men on furlough. The act of June 10, 1922, while making specific-provision for the payment of allowances for quarters and subsistence at all times to certain officers did not provide for allowances for quarters and subsistence for enlisted men at all times, but provided that these allowances should be -granted under such regulations as the President might prescribe, and that the nature of such allowances should depend on the conditions under which the duty of the man is being performed.
We think this language of the act limited the authority to fix the allowance by regulation to men on duty. The *472 amount not in excess of $4 a day, specified by the statute to be fixed by regulation, was provided because necessary for the due performance of duties. It is not necessarily a fixed allowance attached to enlistment status. The allowances prescribed in Executive order of June 19, 1922, were specifically limited to men on duty. An enlisted man on furlough is not on duty. McKenna v. United States, 23 C. Cls. 308; Jackson v. United States, 50 C. Cls. 392. The last sentence of sec. 11 provided that “ rations for enlisted men may be commuted as now authorized by law,” and the existing law made provision for payment “ of the regulation allowances for commutation of rations to enlisted men on furlough,” act of June 7, 1924, 43 Stat. 477. The item of quarters is not taken into account in making allowances to the men on furlough. Jac7csonv. United States, supra. Subparagraph (3) of paragraph 7 (c), of Army Regulations 35-4520, as amended, making provision for payment to enlisted men on furlough of allowances in excess of the regulation allowance for commutation of rations is not authorized by sec. 11, act of June 10, 1922, and the Executive order of June 19, 1922, and is therefore invalid.
In the act of April 15, 1926, 44 Stat. 254, making appropriations for the War Department for the fiscal year ending June 30, 1927, entitled “An act making. appropriations for the military and nonmilitary activities of the War Department for the fiscal year ending June 30, 1927, and for other purposes,” it is provided that “ Hereafter enlisted men, including the members of the U. S. Army Band, entitled to receive allowances for quarters and subsistence shall continue, while their permanent stations remain unchanged, to receive such allowances while sick in hospital or absent from their permanent-duty stations in a pay status: Provided further, That allowances for subsistence shall not accrue to such ■enlisted man while he is in fact being subsisted at Government expense.” This later enactment, which is relied upon by both the plaintiff and the defendant in support of their contentions, has no bearing upon the question involved in this suit.
The plaintiff has received the regulation allowance for ■commutation in lieu of rations of $9.30, which, under the *473 statute, was the amount to which he was entitled while on furlough. It follows that the petition of the plaintiff must, be dismissed and it is so ordered.
Williams, Judge; GbeeN, Judge; Graham, Judge; and Booth, Chief Justice, concur.